**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABEL VAQUERO CALIXTO,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Civil Action No. 26-6567 (ZNQ)<br><br>**MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Abel Vaquero Calixto's habeas petition (ECF No. 1) and motion seeking an order to show cause (ECF No. 8) challenging his ongoing immigration detention. The Government filed a response to the petition. (ECF No. 7.) For the following reasons, the petition is granted, and Petitioner shall receive a bond hearing before an immigration judge within seven days.

Petitioner is a native and citizen of Mexico who crossed the United States border without admission or inspection in or about October 2017 while he was a juvenile. (ECF No. 1 at 2.) Petitioner thereafter remained at liberty in the United States. In 2022, Petitioner was granted special immigration juvenile status and deferred action. (*Id.*) On May 22, 2026, however, Petitioner was arrested by police in Passaic, New Jersey, for unlawful possession of a weapon, specifically a knife, in violation of N.J. Stat. Ann. § 2C:39-5D. (ECF No. 7-2 at 1-3.) This arrest arose out of an incident in which Petitioner was in the company of another individual drinking an open container in public who, upon being questioned by police, was found to be in possession of several balded weapons which that individual asserted where for "gang bang[ing]." (*Id.* at 5.)

Petitioner, for his part, admitted that his knife was possessed only for "protection" without any explicit acknowledgement of gang activity. (*Id.*)

Following his arrest, an immigration detainer was issued for Petitioner, and Petitioner was issued a notice to appear for removal proceedings as an alien present in the United States who had not been admitted or paroled. (ECF No. 7-1 at 2; ECF No. 7-4 at 1.) On May 24, 2026, upon his release from police custody, immigration officials arrested Petitioner and placed him into immigration detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 7-1 at 4.) Petitioner has remained in detention without bond under the statute since that time.

Although the Government contends that Petitioner is lawfully detained and subject to mandatory detention without bond as an applicant for admission under 8 U.S.C. § 1225(b)(2), the Government acknowledges that its position "relies on the same statutory-interpretation arguments," (ECF No. 7 at 3), this Court previously rejected in finding that an alien who enters the United States without admission or inspection and thereafter remains at liberty for a significant period of time cannot be detained pursuant to § 1225(b)(2). *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection in and thereafter remained at liberty in the United States for more than nearly a decade prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2). *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention without a bond hearing under § 1225(b)(2) is therefore unlawful. *Id.* Petitioner's habeas petition shall therefore be granted.

Although the Government essentially concedes that Petitioner is entitled to relief under this Court's prior cases, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a) in light of his criminal history. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk nor danger); *see also Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025) (a bond hearing under 8 U.S.C. § 1226(a) is an appropriate remedy to address improper detention under an inapplicable statute where the petitioner clearly would be subject to § 1226(a) and the facts so warrant). Although Petitioner contends that release would be a more appropriate remedy as he was not initially detained by immigration officials under the terms and protections applicable to § 1226(a) detainees, (*see* ECF No. 8), in making that argument he fails in any way to meaningfully grapple with his pending criminal charges or to address their relevance to his request for release.[1]

Although this Court has held that outright release is an appropriate remedy in cases where § 1225(b)(2) has been improperly applied to an alien present within the United States without any criminal history indicative of dangerousness, *see, e.g., Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026), this Court has recognized that a bond hearing under § 1226(a) is also an available form of relief if the facts of an individual case make outright release

[1] Indeed, in his recently filed motion for an order to show cause, Petitioner claims to have "no criminal record" despite the clear records the Government has provided showing that he is currently facing state court felony criminal charges for unlawful possession of a knife. Regardless of counsel's decision to ignore these charges, the Court must take them into account in crafting the appropriate relief in this matter and prevent any undue windfalls under the circumstances.

inappropriate. *See Valerio,* 2025 WL 3251445 at *3-4; *see also Florian Bello v. Blanche*, No. 26-7845, 2026 WL 1972268, at *2 (D.N.J. July 8, 2026). Judges in this district regularly order bond hearings rather than outright release in those cases in which an alien's criminal history indicates that he may present a sufficient danger to the community that outright release would be an unwarranted windfall. *See, e.g., Florian Bello*, 2026 WL 1972268 at *2; *Menjivar Delgado v. Lyons*, No. 26-6548, ECF No. 3 (D.N.J. June 10, 2026) (ordering a bond hearing rather than release where pending assault charges suggested potential dangerousness or flight risk). Given the nature of Petitioner's pending criminal charges and the gang-related context in which Petitioner's arrest appears to have taken place, this Court finds that a bond hearing is the appropriate relief in this matter. The Government shall therefore afford Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days at which Petitioner is provided an opportunity to show that he is neither a flight risk nor danger to the community.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge within seven days. Petitioner's motion seeking an order to show cause (ECF No. 8) is denied without prejudice as moot in light of the granting of his petition. An order consistent with this Memorandum Opinion will be entered.

Date: August 18, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**